# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| LORI ANN HIGGINS,<br>    Plaintiff, | )<br>)<br>) |
| v. | )   CAUSE NO.: 2:17-CV-181-JEM |
| NANCY A. BERRYHILL,<br>Deputy Commissioner for Operations,<br>Social Security Administration,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Lori A. Higgins on April 21, 2017, and Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 13], filed by Plaintiff on November 22, 2017. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for benefits or further proceedings. On December 22, 2017, the Commissioner filed a response, and on January 18, 2018, Plaintiff filed a reply.

### I.    Procedural Background

On November 13, 2012, Plaintiff filed an application for benefits alleging that she became disabled on January 1, 2002. Plaintiff's application was denied initially and upon reconsideration. On March 17, 2015, Administrative Law Judge ("ALJ") Romona Scales held a hearing at which Plaintiff, without an attorney representative, testified. On November 27, 2015, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1.    The claimant last met the insured status requirements of the Social Security Act on December 31, 2007.

2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of January 1, 2002 through her date last insured of December 31, 2007.

3. Through the date last insured, the claimant had the following medically determinable impairments: fibromyalgia, headaches, obesity, and depression.

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant did not have a severe impairment or combination of impairments.

5. The claimant was not under a disability, as defined in the Social Security Act, at any time from January 1, 2002, the alleged onset date, through December 31, 2007, the date last insured.

The Appeals Council denied Plaintiff's request for review and denied her request to reopen the decision, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II. Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir.

2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

III. **Analysis**

Plaintiff argues that the ALJ failed to properly develop the record, failed to properly evaluate statements by third parties and Plaintiff's own subjective complaints, and failed to factor Plaintiff's obesity into her RFC. The Commissioner maintains that the ALJ properly evaluated the evidence and Plaintiff's physical limitations, and that her conclusions were based on substantial evidence.

First, Plaintiff argues that the ALJ failed to develop the medical record. "While a claimant represented by counsel is presumed to have made his best case before the ALJ, no such presumption attaches to an unrepresented claimant." *Skinner v. Astrue*, 478 F.3d 836, 84142 (7th Cir. 2007) (citing *Sears v. Bowen*, 840 F.2d 394, 402 (7th Cir.1988)). Accordingly, when someone "proceeds without counsel, an ALJ has a duty to 'probe[ ] the claimant for possible disabilities and uncover[ ] all the relevant evidence.'" *Mallett v. Barnhart*, 81 F. App'x 580, 582 (7th Cir. 2003) (quoting *Binion v. Shalala*, 13 F.3d at 245); *see also Nelson v. Apfel*, 131 F.3d 1228, 1235 (7th Cir. 1997) ("when the claimant is unrepresented by counsel, the ALJ has a duty to 'scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts'") (quoting *Thompson*, 933 F.2d at 585). Specifically, when a claimant suffers from a degenerative condition and the relevant X-rays are too old, the ALJ should order new ones. *See Smith v. Apfel*,

4

231 F.3d 433, 437-38 (7th Cir. 2000) (holding that where a claimant's old X-rays showed early-onset degenerative disease, "[i]f the ALJ was concerned that the medical evidence was insufficient to determine [disability], he should have ordered more recent X-rays"); *see also* 20 C.F.R. §§ 404.1512(b), 404.1517 (permitting additional examinations "[i]f your medical sources cannot or will not give us sufficient medical evidence about your impairment").

In this case, the ALJ found no disability in part because "there are very few records" pertaining to the relevant period, 2002 through 2007. The ALJ requested records from five different sources, and "none had evidence to provide covering treatment during the period at issue." Plaintiff's last available X-ray, taken in 1987, found degeneration in the sides of her vertebrae. Plaintiff reported that in 2000 she was diagnosed with fibromyalgia and was taking Vicodin. Plaintiff's treating physician recorded her complaints of back pain, hip and leg pain, and difficulty getting out of a chair. The treating physician confirmed diagnoses of fibromyalgia and spinal stenosis. On this record, in the absence of objective medical evidence, it was the ALJ's job to develop the evidence by arranging for an examination. The Commissioner argues that an X-ray would not have been appropriate because Plaintiff could not show "how an X-ray from 2015 would shed any relevant light on her condition preceding December 31, 2007." That is a conclusion best left to medical professionals; to the extent the ALJ made that assumption, she should not have done so. As the Seventh Circuit has warned, ALJs are not to make their own independent medical findings and should not "succumb to the temptation to play doctor" because "lay intuitions about medical phenomena are often wrong." *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) (citing cases); *see also, e.g., Myles v. Astrue*, 582 F.3d 672, 677-78 (7th Cir.

2009) (warning that an ALJ may not "play[] doctor and reach[] his own independent medical conclusion").

Plaintiff also argues that the ALJ failed to adequately consider her obesity in assessing her limitations. Social Security Ruling 02-1p requires an ALJ to consider obesity as an impairment and the exacerbating effects of a claimant's obesity on her other conditions when arriving at the RFC assessment, even if the obesity is not itself a severe impairment. *See* SSR 02-1p, 2002 WL 34686281 (September 12, 2002); *Gentle v. Barnhart*, 430 F.3d 865, 868 (7th Cir. 2005) (finding that, even if obesity "merely aggravates a disability caused by something else[,] it still must be considered for its incremental effect on the disability"); *Clifford*, 227 F.3d at 873 (remanding where ALJ "should have considered the weight issue with the aggregate effect of [claimant's] other impairments"). In evaluating obesity in assessing RFC, "[a]n assessment should also be made of the effect obesity has upon the individual's ability to perform routine movement and necessary physical activity within the work environment." SSR 02-1p at *6. "[A]n ALJ must consider the combined effects of all of the claimant's impairments, even those that would not be considered severe in isolation." *Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009); *see also Martinez v. Astrue*, 630 F.3d 693, 698 (7th Cir. 2011) ("Even if each problem assessed separately were less serious than the evidence indicates, the combination of them might be disabling."). In this case, the ALJ alluded to Plaintiff's obesity by stating her weight, but did not assess the effect it may have had on other impairments. On remand, the ALJ is directed to consider the combination of Plaintiff's impairments, even those that are not severe in isolation, and to specifically address the impact her obesity had on her other impairments.

Next, Plaintiff argues that the ALJ failed to properly assess her subjective complaints. The ALJ found that Plaintiff's statements "concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely credible." The ALJ cited the "lack of objective medical evidence" supporting Plaintiff's alleged limitations. However, a claimant's statements regarding symptoms or the effect of symptoms on her ability to work "may not be disregarded solely because they are not substantiated by objective evidence." SSR 96-7p[1], 1996 WL 374186, at *6 (July 2, 1996); *see also Simila v Astrue*, 573 F.3d 503, 519 (7th Cir. 2009) (reminding that an ALJ cannot deny disability solely because the available objective medical evidence does not substantiate the claimant's allegations of pain). In additional to objective medical evidence, the ALJ must consider the individual's daily activities; duration, frequency, and intensity of the claimant's symptoms; medications the claimant has taken to alleviate pain or other symptoms; and other measures for symptom relief, such as lying down or sleeping. SSR 96-7p at *2.

In this case, the ALJ failed to adequately consider those factors. Plaintiff testified that she was in constant pain, that she was unable to stand for long periods without leaning on something, and that she frequently needed to lie down. She required help with daily activities, such as carrying items around the house, walking up stairs, and getting into and out of her car. Plaintiff was prescribed Vicodin and Xanax, which the ALJ did mention, as well as several other medications, such as Lyrica and Gabapentin, that the ALJ did not mention. The ALJ should have considered all of these factors in assessing Plaintiff's limitations.

---

[1] Although SSR 96-7p has been superseded by an updated interpretation, SSR 16-3p, 2016 WL 1119029 (March 16, 2016), the Court applies the former interpretation because the latter was not in effect at the time of the ALJ's decision. Notices, SSR 16-3p, 2017 WL 4790249 at *1 ("we expect the court to review the final decision using the rules that were in effect at the time we issued the decision under review").

The ALJ found that there was "no indication" that Plaintiff had any more than "minimal limitations on her work abilities . . . especially considering that she was working during this time as well." As the Seventh Circuit has noted, "even persons who *are* disabled sometimes cope with their impairments and continue working long after they might have been entitled to benefits." *Shauger v. Astrue*, 675 F.3d 690, 697 (7th Cir. 2012); *see also Pierce v. Colvin*, 739 F.3d 1046, 1051 (7th Cir. 2014) ("[A] claimant's dogged efforts to work beyond her physical capacity would seem to be highly relevant in deciding her credibility and determining whether she is trying to obtain government benefits by exaggerating her pain symptoms."); *Gentle v. Barnhart*, 430 F.3d 865, 867 (7th Cir. 2005) ("A person can be totally disabled for purposes of entitlement to social security benefits even if, because of an indulgent employer or circumstances of desperation, he is in fact working."). Plaintiff testified that she suffered migraines of eight to nine hours three times a week while she was working, and that her employer allowed her not to work on those days. Plaintiff also testified that she was in "too much pain" after work, to the point that she would cry all the way home. On this evidence, the ALJ should not have inferred that Plaintiff was not disabled merely because she was still working.

Last, Plaintiff argues that the ALJ failed to evaluate two statements from non-medical sources, Joyce Bulington and Paula Kay. An ALJ must consider non-medical sources based on the same factors as medical sources, including the nature and length of the relationship with the claimant and the quality of the evidence that the source provides. *See* 20 C.F.R. §§ 404.1527(c),(f)(1) (listing factors required to consider "opinions from non-medical sources"). The ALJ did not acknowledge either statement in her decision. Although Ms. Bulington's statement was not relevant to Plaintiff's alleged disability, Ms. Kay's statement was relevant.

8

Ms. Kay, Plaintiff's sister, stated that Plaintiff's health had been declining since 2005, and that even though she worked until 2007, she "would spend all her time off in bed trying to recover." The ALJ should have evaluated that statement based on the factors provided in the relevant regulation.

On remand, the ALJ is reminded of the need to obtain additional information, including objective medical evidence, where existing records are inadequate to assess disability. *See, e.g., Barnett*, 381 F.3d at 669 ("An ALJ has a duty to solicit additional information to flesh out an opinion for which the medical support is not readily discernable.") (citing 20 C.F.R. § 404.1527(c)(3); SSR 96-2p, 1996 WL 374188 at *4 (July 2, 1996)); 20 C.F.R. §§ 404.1512(d)(1), 416.919(b)). The ALJ is also reminded of the need to consider the measures Plaintiff took to relieve her pain, and to consider Plaintiff's obesity, including the effect that her obesity may have on her other symptoms. Finally, the ALJ is reminded to evaluate Ms. Kay's statement based on the applicable factors for non-medical sources.

## V. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 13], and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 12th day of September, 2018.

                                          s/ John E. Martin
                                          MAGISTRATE JUDGE JOHN E. MARTIN
                                          UNITED STATES DISTRICT COURT

cc:    All counsel of record